IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID SCOTT CLAPP,

                 Plaintiff,

v.

AMY MORALES, et al.,

                 Defendants.

OPINION AND ORDER

17-cv-443-wmc

---

*Pro se* plaintiff David Scott Clapp, a prisoner at Jackson Correctional Institution ("JCI"), filed this civil lawsuit under 42 U.S.C. § 1983 against JCI staff for allegedly inadequate compensation for his work there. Clapp's complaint requires screening by this court under 28 U.S.C. § 1915A. Even construing plaintiff's allegations generously, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), however, the court must dismiss his lawsuit for failure to state a claim upon which relief can be granted.

ALLEGATIONS OF FACT[1]

Clapp named three defendants who are employed at JCI: Morales and Peterson, who work in the business office; and Sgt. Smetana, a correctional officer.

Clapp was hired at JCI as the "mail runner" in a full-time capacity under DOC Policy 309.55.01. Clapp alleges that he was not paid the proper amount from January 27, 2017. In particular, he alleges that Sgt. Smetana has been deducting "20+" hours from his pay every pay period. Clapp further alleges that he asked Peterson and Morales in JCI's

---

[1] For purposes of this order, the court assumes the facts above based on the allegations in plaintiff's complaint as viewed in a light most favorable to Clapp.

business office about the payment issues, and neither got back to him. Clapp next complained to Smetana, who simply told him if he did not like it, he could quit.

Clapp attached to his complaint multiple documents related to his grievance and appeal process. (*See* dkt. #1-1.) Those documents show that Clapp did, in fact, file a grievance complaining that he was no longer being paid for 80 hours each pay period. The documents also confirm that Clapp was specifically advised that the reason for his not being paid for 80 hours of work arose out of inmates in his position no longer being authorized to work weekends. Thus, Clapp was actually working a total of 60 hours during each two-week pay period.

OPINION

The court understands plaintiff to be seeking leave to proceed on Fourteenth Amendment Due Process and Equal Protection Clause claims against each defendant. However, the allegations in his complaint do not support relief under either claim for the reasons explained below.

I. **Due Process Clause**

Plaintiff's Fourteenth Amendment due process claim requires him to prove that: (1) he has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). However, the Court of Appeals for the Seventh Circuit has held that prisoners do not have a liberty interest in

2

a prison job. *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) ("[T]here is no Constitutional right to compensation for such work; compensation for prison labor is "by grace of the state.") (citation omitted).

Plaintiff's due process claim is a non-starter here for at least two reasons. As an initial matter, his allegations and attached materials suggest that he was compensated according to the amount of time he worked. More importantly, he has no liberty interest, as a matter of law, in receiving payment for his work in prison. Accordingly, his allegations related to the change in his payment amount do not articulate a claim upon which relief can be granted.

## II. Equal Protection Clause

While "[p]risoners do not surrender their rights to equal protection at the prison gate," *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988), different treatment of prisoners is permissible so long as there is a rational basis for it. *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest."). Moreover, in order to state a claim in this context, plaintiff "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 639 (7th Cir. 2007).

Here, plaintiff does not allege any facts suggesting that the defendants lacked a reason for changing his payment amount to reflect that he was working 60 hours per week. To the contrary, the records of plaintiff's grievance suggest that the pay reduction was

3

*caused* by the fact that plaintiff was working less hours. Accordingly, plaintiff's allegations fail to state an equal protection claim as well.

ORDER

IT IS ORDERED that:

1. Plaintiff David Clapp is DENIED leave to proceed, and this lawsuit is DISMISSED for failure to state a claim upon which relief can be granted.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 6th day of January, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge